UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY METOYER,

        Petitioner,

NO. CIV. S-07-2358 WBS KJM

<u>ORDER RE: REQUEST FOR RECONSIDERATION</u>

D.K. SISTO, Warden, et al.,

        Respondents.

----oo0oo----

        Petitioner Gary Metoyer is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Metoyer's petition challenges the Board of Parole Hearings' (BPH) November 8, 2006 decision finding him unsuitable for early release on parole.  On April 7, 2008, Magistrate Judge Mueller issued an Order directing respondents to lodge, within thirty days, the administrative record including "the transcript of the March, 2006 parole hearing and any documents, reports or letters considered by the panel."  (Apr. 7, 2008 Order 1:22-23.)  Pursuant to Local Rule 72-303(c),

1

respondents move for reconsideration of the April 7, 2008 Order on the ground that review of the entire administrative record before the BPH is improper under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1), which they argue limits federal court review solely to the record before the state court during its prior consideration of the BPH's decision.

Under Local Rule 72-303(f), a magistrate judge's order shall be upheld unless it is "clearly erroneous or contrary to law." E. Dist. of Cal. Local R. 72-303(f). Although the only legal basis provided in the April 7, 2008 Order to support requiring production of the entire administrative record is Rule 5 of the Rules Governing § 2254 Proceedings ("The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."), courts in this district have unequivocally held that such production may be compelled under Rule 7(a) of the Rules Governing § 2254 Proceedings. See Fed. Rules Governing § 2254 Proceedings 7(a) ("[T]he judge may direct the parties to expand the [habeas] record by submitting additional materials relating to the petition."); (see also, e.g., April 30, 2008 Order (Moppins v. Warden Solano State Prison, No. O8-0159) (affirming magistrate judge's Order directing the parties, pursuant to Rule 7(a), to submit the entire administrative record as considered by the BPH in its decision finding petitioner unsuitable for parole); April 24, 2008 Order (Leon v. Kane, No. 04-2631) (same); Oct. 18, 2007 Order (Stewart v. Shepherd, No. 05-0458) (affirming magistrate judge's Order directing the parties, pursuant to Rule 7(a), to expand the record to include

2

all materials considered by the Governor in his decision to reverse the BPH's grant of parole to the petitioner).)[1]

Because production of the entire administrative record as considered by the BPH during its decision to deny Metoyer early release on parole may be required pursuant to Rule 7(a), the court cannot find the magistrate judge's Order clearly erroneous or contrary to law.  Accordingly, the April 7, 2008 Order is hereby AFFIRMED.  Respondents shall lodge the subject administrative record within thirty days of the date of this Order.

IT IS SO ORDERED.

DATED:  May 2, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Considering this district's approval of other similar orders by its magistrate judges, the court also finds respondents' conclusory "undue burden" argument unpersuasive.