IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY METOYER,

    Petitioner,           No. CIV S-07-2358 WBS KJM P

  vs.

D.K. SISTO, Warden, et al.,

    Respondents.        ORDER

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. He challenges the November 8, 2006 denial of parole on two grounds: (1) the board's decision to extend his term beyond the maximum release date based on facts neither admitted nor found by a jury and by facts already used by the trial court as sentence enhancements; and (2) the decision to deny parole was not supported by reliable evidence that petitioner remains a danger to society.

        Respondent has filed a motion to stay the case pending the en banc decision in Hayward v. Marshall, which petitioner opposes. Petitioner has filed a motion for discovery, which respondent opposes.

/////

1

I. <u>The Motion To Stay Proceedings</u> (Docket No. 11)

In <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), the Ninth Circuit considered the much-litigated subject of parole in California and found that the Governor's determination to reverse a grant of parole was not based on evidence of the habeas petitioner's current threat to public safety. On May 16, 2008, the court granted a rehearing en banc. <u>Hayward v. Marshall</u>, 527 F.3d. 797 (9th Cir. 2008). Among the questions the court is considering is the application of two California Supreme Court cases, <u>In re Lawrence</u>, 44 Cal.4th 1181 (2008) and <u>In re Shaputis</u>, 44 Cal.4th 1241 (2008); whether California's regulations have created a liberty interest in parole; and, if so, what process is due.

As respondent observes, a district court has the authority to stay a case pending resolution of other proceedings when the stay would promote efficiency. <u>Leyva v. Certified Grocers of Cal</u>., 593 F.3d 857, 863 (9th Cir. 1979). However, the Ninth Circuit has cautioned against indefinite stays in habeas cases. <u>Yong v. INS</u>, 208 F.3d 1116, 1119 (9th Cir. 2000). Moreover, while <u>Hayward</u> might clarify certain questions relevant to the determination of parole habeas, other Ninth Circuit authority as well as state decisions provide sufficient guidance for this court's resolution of the claims raised in the instant petition.

II. <u>Motion For Discovery</u> (Docket No. 15)

Petitioner seeks transcripts of the decision portion of every hearing where a prisoner was found suitable for parole between January 1, 1997 through December 31, 2006. He argues that these materials will support his argument that the Matrix of Base Terms establishes the statutory maximum for purposes of his <u>Apprendi</u>[1] argument.

/////

/////

/////

---

[1] <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

1    A habeas petitioner is not entitled to discovery as a matter of course, but only
2 when

3 > specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate
4 > that he is . . . entitled to relief . . . .

5 Bracy v. Gramley, 520 U.S. 899, 909 (1997) (internal quotations and citations omitted); Rule
6 6(a), Rules Governing § 2254 Cases.  Petitioner argues that these materials will show the
7 Board's interpretation of its regulations governing the setting of an appropriate term with
8 reference to the matrix.
9    In this case, however, it does not appear that a matrix-based term has been set for
10 petitioner, so it does not appear this information will enable him to show he is entitled to relief.
11 Moreover, it does not appear he is arguing that Apprendi requires the parole authorities to fix a
12 maximum term before determining whether release is appropriate.
13    IT IS THEREFORE ORDERED that:
14    1. Respondent's motion for a stay (docket no. 11) is denied; and
15    2. Petitioner's motion for discovery (docket no. 15) is denied.
16 DATED:  December 10, 2008.

_____
U.S. MAGISTRATE JUDGE

20 2

21 meto2358.sty+dsc

3